# Thorn & Gorrie *v.* Roman.

*Action on Common Count, for Work and Labor Done.*

1. *Implied promise to pay for work and labor.*—A promise by defendant to pay for work done by plaintiffs in building an extra foundation wall, and putting up a stud partition, to strengthen an old wall in a store-house belonging to him, can not be inferred by the jury from

[Thorn & Gorrie v. Roman.]

proof of these facts: that defendant had leased his two adjoining store-houses to a third person, for a term of years; that the lessee agreed, in part payment of rent, to pull down and reconstruct the buildings at his own expense, and afterwards employed plaintiffs to do the necessary work, according to specifications furnished by an architect; that during the progress of the work, according to the specifications, it became necessary to insert supporting joists in a wall left standing, but defendant objected to this, on the ground that the wall would thereby be weakened and rendered unsafe, and suggested to the lessee's agent, who was superintending the work in the absence of his principal, that the matter be referred to another architect, "to say what would be a safe way to have the work done"; and that the work was afterwards done by plaintiffs as suggested by the architect so called in.

Appeal from the Circuit Court of Montgomery.
Tried before the Hon. John P. Hubbard.

A. A. Wiley, for appellants.

Tompkins & Troy, contra.

SOMERVILLE, J.—The suit is for work and labor alleged to have been done by plaintiffs, at the defendant's request, in building an extra foundation wall, and putting up a stud partition, to strengthen an old wall of a store-house in the city of Montgomery, owned by the defendant. There is no controversy as to the fact, that the work was done by the plaintiffs; nor that it was worth the amount charged. The only issue is, whether it was done at the request of the defendant, expressed or implied. If there was no evidence from which a jury could infer such a request, or implied promise by defendant to pay for the work, the charge of the trial court, instructing the jury to find for the defendant, is free from error.

The whole case is this: The defendant owned two store-houses. He leased them to one Pollak for a term of five years, who, as lessee, agreed to pull down and reconstruct the buildings at his own expense, by way of part compensation for rent. Pollak made a contract with the plaintiffs to do this work, and it was reduced to writing. According to the plan and specifications of the architect, it was necessary to *put certain joists in the wall* left standing on the south side. The defendant, Roman, being advised by an architect, that this would render the wall unsafe by weakening it, *objected* to the insertion of these joists on this ground, and stopped the prosecution of the work. The defendant, thereupon, suggested to one Clapp, who was superintending the work for Pollak, with the view of seeing that it was

[Connell v. Cole.]

properly done, that the matter be referred to one Anderson, an architect, "to say what would be a safe way to have the work done." The referee suggested the extra-foundation and stud partition which was afterwards adopted by the plaintiffs. Clapp agreed to this in behalf of Pollak, who was absent at the time from the city; but he testifies that he was without authority to bind his principal. The defendant, being advised, made no objection to the adoption of this change.

We see nothing in these facts which would authorize the inference by a jury of any promise by Roman to pay for this work. The premises for the period of the lease belonged to Pollak, not to him. The plaintiffs made their contract to build with Pollak. They credited him for the agreed price of the stores. They neither contracted with, nor had any right to expect anything from the defendant, as pay for such work. No promise to pay for the extra work certainly can be inferred from the objection interposed by defendant to the insertion of the joists in the wall. If this injured the wall, or weakened it, he had a right to object. The only matter referred to Anderson for arbitration was whether this objec-was well founded, and if so, what would be a safe way to have the work done. This necessarily implied that Pollak, not the defendant Roman, was to be looked to as responsible for the work. And the evidence shows that Pollak, or his agent Clapp, did pay as much as one hundred and thirty dollars of the amount, for which the plaintiffs gave credit.

The charge of the court was free from error, and the judgment is affirmed.